An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LANCE REBERGER,<br>Petitioner,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 61460 |
| LANCE REBERGER,<br>Petitioner,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 62132 ✓ |

**FILED**

JUL 2 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Malone_
DEPUTY CLERK

*ORDER DENYING PETITIONS FOR WRITS OF MANDAMUS*

These are proper person petitions for writs of mandamus asking this court to repeal or amend NRAP 46(b).

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). It is within our discretion to determine if a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

In these petitions, petitioner argues that NRAP 46(b), which requires a party appearing in proper person to receive permission from this court to file written briefs and papers, is unconstitutional. In particular, petitioner contends that NRAP 46(b) has been used to deny

13-21764

him access to the court insofar as a number of documents and motions submitted by him in a separate appeal, *Reberger v. State*, Docket No. 60210, were received by this court, but were never actually filed or considered. Although a number of items submitted by petitioner in that case were entered on the docket as "received," rather than "filed," the order of affirmance entered on December 12, 2012, indicates that each of the documents submitted by petitioner was considered, but that this court concluded that relief was not warranted. *See Reberger*, Docket No. 60210 (Order of Affirmance, December 12, 2012). Thus, petitioner has not demonstrated that he was denied access to this court or that NRAP 46(b) is otherwise unconstitutional.

Accordingly, we deny these petitions. *See* NRAP 21(b)(1); *Pan*, 120 Nev. at 228, 88 P.3d at 844.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Lance Reberger
        Attorney General/Carson City

SUPREME COURT
OF
NEVADA

(O) 1947A